J-S36033-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
                       :            PENNSYLVANIA

         Appellee    :
                       :

           v.           :
                       :

TRACY ERIC TUCKER,          :
                       :

         Appellant    :    No. 1948 WDA 2014

Appeal from the PCRA Order Entered October 29, 2014
in the Court of Common Pleas of Indiana County,
Criminal Division, at No(s): CP-32-CR-0000211-2004

BEFORE:    PANELLA, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED JULY 28, 2015**

Tracy Eric Tucker (Appellant) appeals from the October 29, 2014 order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In 2005, Appellant was sentenced pursuant to negotiated guilty pleas to several crimes including third-degree murder. Appellant filed no direct appeal. Appellant's first two PCRA petitions resulted in no relief.

Appellant filed the petition that is the subject of the instant appeal on July 14, 2014. Therein, he claimed that he is entitled to relief in the form of resentencing because his sentence is unconstitutional under ***Alleyne v. United States***, ––– U.S. ––––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and must, therefore, be determined

*Retired Senior Judge assigned to the Superior Court.

beyond a reasonable doubt by a jury). After the issuance and withdrawal of a notice of intent to dismiss the petition without a hearing, followed by additional briefing by the parties, the PCRA court entered an opinion and order denying Appellant's petition based upon lack of jurisdiction. Appellant timely filed a notice of appeal.[1]

The timeliness of a post-conviction petition is jurisdictional. ***See***, ***e.g.***, ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b) and (c).

---

[1] Although the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal, Appellant filed no document so titled. However, he did make his issue clear in the notice of appeal itself, as well as in motions he filed within the 21 days following the concise statement order. Accordingly, a finding of waiver under Pa.R.A.P. 1925(b)(4) is unwarranted.

It is clear that Appellant's 2014 petition is facially untimely: his judgment of sentence became final in 2005. In the PCRA court, Appellant alleged that his petition satisfies the following timeliness exception: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

However, in his brief to this Court, Appellant acknowledges that this exception is inapplicable because neither Supreme Court has held that **Alleyne** applies retroactively to cases on collateral review. Appellant's Brief at 6. Appellant is correct. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (holding that **Alleyne** cannot satisfy the section 9545(b)(1)(iii) exception because "neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final").

Appellant requests that this Court hold his case "in abeyance" until our Supreme Court renders a decision in **Commonwealth v. Hopkins**, No. 98 MAP 2013, 2015 WL 3949099 (Pa. filed June 15, 2015). Appellant's Brief at 6-7. **Hopkins** was decided while this appeal was pending, but it is not helpful to Appellant. The **Hopkins** ruling provides that the portions of the

mandatory minimum sentencing statutes which violate **Alleyne** are not severable; the retroactivity of **Alleyne** was not addressed by the Court.

Should an appropriate Court hold that the **Alleyne** decision is a new right with retroactive application, Appellant may seek to avail himself of the timeliness exception found at 42 Pa.C.S. § 9545(b)(1)(iii). Now, we are faced with a PCRA petition filed more than one year after Appellant's judgment of sentence became final with no applicable timeliness exception alleged. Accordingly, we hold that the PCRA court properly determined that it was without jurisdiction to entertain the merits of Appellant's claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 7/28/2015